UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RONGPENG ZHUANG,**

**Petitioner,**

**v.** **Case No. 26-CV-1497**

**WARDEN/FACILITY ADMINISTRATOR DODGE DETENTION FACILITY, et al.,**

**Respondents.**

# RULE 4 ORDER

Rongpeng Zhuang, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Dodge County Detention Facility in Juneau, Wisconsin, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Hab. Pet., Docket # 1.) Zhuang has paid the $5 statutory filing fee. (*Id.*) Under Rule 4 of the Rules Governing § 2254 Cases, applicable to § 2241 petitions, *see* Rule 1(b) and Civil Local Rule 9(a)(2), the Court must review and screen the petition. During the screening process, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.

Zhuang is a citizen of China who entered the United States without inspection. Zhuang asserts that an immigration order was entered on December 27, 2012, and he later sought reopening of those proceedings. (Docket # 2 at 2, ¶ 16.) Zhuang filed an appeal concerning the denial of his motion to reopen, and his appeal remains pending before the Board of Immigration Appeals. (*Id.* at 2, ¶ 17.) Zhuang was taken into immigration custody on January 15, 2026, in connection with a marriage-based immigration interview. (*Id.* at 2,

¶ 12.) Zhuang moved the Immigration Court for a redetermination of custody; however, the Immigration Court concluded that it lacked jurisdiction based on *Matter of Hurtado*, 29 I. & N. Dec. 216, 2025 BIA LEXIS 44, 2025 LX 553980 and the Fifth and Eighth Circuit decisions upholding the Board of Immigration Appeals' interpretation of 8 U.S.C. § 1225(b)(2)(A). (Docket # 2-1 at 8–9.) In its decision, the Immigration Court acknowledged the split in authority regarding *Matter of Hurtado*'s interpretation of the statute and "welcome[d] any guidance from the Seventh Circuit Court of Appeals or the Supreme Court of the United States." (*Id.*) Zhuang asserts that because of the denial on jurisdictional grounds, he did not receive an individualized merits determination on whether release with conditions was appropriate. (Docket # 2 at 2, ¶ 19.)

Zhuang asserts that his continued detention is an unlawful violation of due process and an incorrect interpretation of immigration law. Zhuang requests the Court either order his release on conditions or order a prompt bond hearing. (Docket # 1 at 7.)

As an initial matter, while Zhuang names two federal entities as respondents—the Field Office Director of ICE/ERO Chicago and the Secretary of the U.S. Department of Homeland Security—neither of these parties are proper respondents in this action. The proper respondent in a habeas action is the individual having custody of the person detained. *Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006). The Seventh Circuit has made clear that in the immigration context, the warden where the non-citizen is detained pending removal is the proper custodian for habeas purposes; not other federal actors. *Id.* at 953–54. While Zhuang does name the Warden as a respondent, the Warden is the *only* proper respondent in this case. The official ultimately in charge of the Dodge County Detention Facility is the Dodge County Sheriff, Dale J. Schmidt. *See Cisneros-Vera v. Schmidt, et al.*, No.

26-CV-1066, 2026 WL 1746764, at *1 n.1 (E.D. Wis. June 17, 2026). Thus, Schmidt is substituted for the "Warden" as respondent in this case and the remaining respondents are dismissed.

As to Zhuang's requested grounds for relief, the Supreme Court has recognized § 2241 petitions as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Zhuang alleges his detention violates the Immigration and Nationality Act and the Fifth Amendment as he is being unlawfully detained. Zhuang requests immediate release or to be granted an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Based on his petition, I cannot conclude that Zhuang is plainly not entitled to relief. Under § 2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

28 U.S.C. § 2243. Furthermore, Zhuang's petition stems from the Board of Immigration Appeals' decision in *Matter of Hurtado*, which reversed the longstanding understanding that non-citizens residing in the United States were entitled to bond hearings under 8 U.S.C. § 1226. Zhuang, like many others currently coming before the courts on habeas review, has not been afforded a bond hearing. The circuit courts of appeals have split on the issue of whether petitioners such as Zhuang, who have been present in the United States for years, are entitled to the discretionary detention authority of 8 U.S.C. § 1226(a), or whether they fall under 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention provision, which applies to non-citizens "seeking admission" into the country.

In declining to hear Zhuang's bond request, the Immigration Judge relied on *Matter of Hurtado* and the two circuit courts of appeals upholding its reasoning. The court "welcomed" input from the Seventh Circuit. The Seventh Circuit has now spoken on this issue.

In *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), the court of appeals concluded that non-citizens present in the country without admission are not "seeking admission" under the statute and thus fall under § 1226, not § 1225(b)(2)(A), and are eligible for bond hearings subject to the Immigration and Nationality Act's other requirements. *Id.* at 915. In other words, to the extent Zhuang's continued detention is being justified by *Matter of Hurtado* and the decisions of the Fifth and Eighth Circuits, the respondent is called upon to show why Zhuang's continued detention is justified in the face of the Seventh Circuit's decision in *Cirrus Rojas*. Accordingly, Respondent is ordered to respond to the petition and this Order by no later than **September 9, 2026**.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this Order upon Scott Smith, Jail Administrator, Dodge County Jail, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Field Office Director of ICE/ERO Chicago and the Secretary of the U.S. Department of Homeland Security **DISMISSED** as Respondents in this action. Dale J. Schmidt is substituted for Warden of Dodge Detention Facility.

**IT IS ALSO ORDERED** that Respondent shall respond to the petition no later than **September 9, 2026**. Petitioner may file a reply no later than five (5) days of receiving Respondent's response.

Dated at Milwaukee, Wisconsin this 3rd day of September, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge